Jose R. FRANCO–RIVERA, Plaintiff,

v.

CHAIRMAN OF the BOARD OF DIRECTORS OF the FEDERAL DEPOSIT INSURANCE CORPORATION, Defendant.

Civ. No. 87–1462CCC.

United States District Court,
D. Puerto Rico.

Sept. 13, 1990.

**14**

José A. Pagán–Nieves, Old San Juan, P.R., for plaintiff.

Daniel F. López–Romo, U.S. Atty., Fidel A. Sevillano-del-Río, Asst. U.S. Atty., Hato Rey, P.R., Ingeborg Chaly, Counsel, FDIC, Washington, D.C., for defendant.

## OPINION AND ORDER

CEREZO, District Judge.

This case was called for a non-jury trial on May 29, 1990. Following three days of trial during which the plaintiff presented his case,[1] the Court heard arguments by the parties on defense counsel's motion under Federal Rule of Civil Procedure 41(B). The parties submitted briefs, and before us now is the matter of whether the plaintiff has shown through the evidence presented that he has a right to relief on his claims.

Plaintiff brought his civil rights action alleging discrimination on the basis of his Puerto Rican heritage, in that he was hired at a lower grade and pay and did not receive promotions at the time they were due to him. Plaintiff survived a motion to dismiss based on his failure to bring his claims to the attention of an Equal Employment Opportunity Counselor within thirty calendar days, when we found that there was evidence of a concerted effort by John David Ferrer to conceal what appeared to be a prima facie case of discrimination based on national origin.[2] In describing the prima facie evidence we concluded that the evidence supported discrimination in hiring practices.

On the second day of trial, the plaintiff, on cross-examination, abandoned his claim of discrimination in hiring. He stated that, although he mentioned the hiring issue in the complaint, it was not the basis of his claim; that he was focusing on the promotions, and that he did not believe he would have been hired at a higher rate if he had been hired on the mainland.[3]

■ Thus we must decide, on the basis of the evidence presented by Franco, whether he has presented evidence which could support the conclusion that he was denied promotions based upon his Puerto Rican origins. In reviewing the evidence before us, we find that he has failed to meet his burden.

Franco argues that he should have been promoted to a grade 12 in December 1983, although such grade has a requisite four years of experience and Franco had only two years experience at that time. Plaintiff's case was heavily based on his contention that various, non-Puerto Rican persons working at the New York Regional Office, whom he alleges were doing substantially the same tasks as he was doing during the periods he visited there, had been hired at or attained higher grades. Yet, he acknowledged in court on cross-examination that he knew nothing about their educational background or experience when he filed the complaint.[4]

---

1. We granted defendant's motion in limine to exclude the testimony of other FDIC attorneys whom plaintiff intended to call to testify about their own discriminatory complaints, inasmuch as it would be in a large measure legally irrelevant because they would not serve to support his own individual claims. *See Moorhouse v. Boeing Co.,* 501 F.Supp. 390, 394 n. 6 (E.D.Pa. 1980), *aff'd* 639 F.2d 774 (3rd Cir.1980); *see also Schrand v. Federal Pacific Electric Co.,* 851 F.2d 152 (6th Cir.1988). What plaintiff would have had to show was that similarly situated persons *outside* the protected class were treated favorably. *Bundy v. Jackson,* 641 F.2d 934, 951 (D.C. Cir.1981).

2. See Court's Opinion and Order of August 5, 1988, 690 F.Supp. 118 (docket entry 15).

3. We note that the documentary evidence (Joint Exhibit XI) supports the fact that with only the basic law degree, less than a year's experience, and nothing to enhance his qualifications, Franco could not have been hired at any rating above a Grade 9.

4. Plaintiff went as far in his deposition to admit that he did not know the basis for his case and that the undersigned, having found that he had established a prima facie case, should be asked the basis for it. Having been asked, we un-

On cross-examination, the government introduced into evidence the employment form (SF 171) for nine attorneys from the New York City area, where Franco had spent some time.[5] In each and every form, the applicant showed extensive legal experience, advanced legal education or continuing education seminars, awards and honors and/or legal clerkships, which could have been taken into consideration upon hiring and which could result in the pay differences that Franco alleged. Franco's own form reflects nothing which would have allowed him to have been hired above the minimal grade 9.

Franco's first performance evaluation, done in December 1983 when he was a grade 11/1 was generally average—rating him mostly "3" in various categories, on a scale of 1 to 5, where 1 is the highest. On the basis of this evaluation, it appears he received a step increase. The next evaluation for the period ending October 15, 1984, shows improvement—this time a mix of 2's and 3's. Once again, he was given a step increase to grade 11/3. His third evaluation showed a prevalence of 2's and contained several favorable comments. After three years with the division, and with approximately four years experience, counting the ten months of experience prior to his hiring by the agency, Franco was promoted to a grade 12/1. He left the agency at a grade 12/2.

Franco testified that he believed his performance was superior to what was contained in the evaluations, but he offered no evidence to show that he challenged their accuracy or asked for reconsideration at the time that they were made. On cross-examination, while reviewing the New York attorneys' credentials, Franco opined in most cases that his prior experience with

the FDIC was superior to all the legal experience, awards, and academic superiority of the others.

■ Franco's perception of his own capabilities and performance, and the relative value of other attorneys' credentials is irrelevant.[6] A plaintiff must do more than challenge the judgment of his superiors through self-serving assertions. *See Smith v. Flax*, 618 F.2d 1062, 1067 (4th Cir.1980); *see also Smith v. General Scanning, Inc.*, 876 F.2d 1315, 1322 (7th Cir. 1989); *Dale v. Chicago Tribune*, 797 F.2d 458, 464–65 (7th Cir.1986).

■ In sum, the Court denied the Motion to Dismiss based upon what appeared to be a *prima facie* case of discrimination in hiring, a claim which the evidence presented proved to be totally frivolous, which Franco acknowledged and abandoned at trial. The evidence presented reveals that his evaluations support the increases he received and that he is disgruntled merely because he was not promoted as fast as he would like to have been. Plaintiff offered absolutely no evidence to demonstrate that non-Hispanics with similar qualifications were *promoted* more rapidly than he was. Qualification for promotion is not a strictly precise concept, and will often depend on the rules and customs of the employer. *See Bundy v. Jackson*, 641 F.2d 934, 951 (D.C.Cir.1981). Technical eligibility for promotion may not automatically mean promotion, nor does mere "satisfactory" performance in the complainant's current job guarantee promotion. *Id.* Proof of these factors would certainly have helped create a *prima facie* case, in this instance. Aside from not presenting any evidence regarding the promotional patterns of non-Hispanics whose resumes and

equivocally state that the case was established on what plaintiff purported to be a discrimination in hiring, the claim that plaintiff has now abandoned and which the scrutiny of trial has also shown to be without merit.

5. We note that plaintiff, who was employed by the San Juan Consolidated Field Office, makes his comparison to attorneys he met at the New York Regional Office. Franco admitted that he did not really know what the differences between the office and the duties are. He has

offered no evidence, conclusory or otherwise, comparing work promotions and pay to attorneys in any other Consolidated Field Office.

6. Franco's law school record—filled with low grades and an average of 2.19—can best be described as mediocre. It is interesting to note that the hiring officer never required this document in making the initial employment decision.

**16**

hiring grade classifications were presented, plaintiff offered no evidence regarding custom and practice in promotions which would support his case.

Accordingly, we find that plaintiff has failed to present a prima facie case of discrimination based on national origin in his promotions, and grant the defendant's motion for non-suit.

SO ORDERED.